James H. Landgraf, Esquire
CURETON CLARK, P.C.
3000 Midlantic Avenue, Suite 200
Mount Laurel, New Jersey 08054
(856) 824-1001
Attorneys for Defendant,
Newark Four Port, LLC

| | |
|---|---|
| **DISABLED PATRIOTS OF AMERICA, INC. and BONNIE KRAMER,**<br><br>Plaintiffs,<br><br>v.<br><br>**NEWARK FOUR PORT, LLC,**<br><br>Defendant. | UNITED STATES DISTRICT COURT<br><br>DISTRICT OF NEW JERSEY<br><br><br>CASE NO.: 07-25461 (SRC)<br><br><br>**DEFENDANT, NEWARK FOUR PORT, LLC'S FIRST AMENDED ANSWER & AFFIRMATIVE DEFENSES** |

## ANSWER

<u>Jurisdiction</u>

Defendant, Newark Four Port, LLC ("Defendant") by way of Amended Answer to the Complaint filed by Plaintiffs, Disabled Patriots of America, Inc. and Bonnie Kramer ("Plaintiffs") avers as follows:

1.  Defendant admits this Court would have jurisdiction over Plaintiffs' claims as alleged if Plaintiffs had a meritorious cause of action, but denies Defendant has violated the Americans with Disabilities Act, 42 U.S.C. 12181, et seq. (the "ADA"), within the geographic range of this Court.

1

Parties

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' complaint, and therefore denies the same.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' complaint, and therefore denies the same.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' complaint, and therefore denies the same.

5. Admitted.

Factual Allegations and Claim

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' complaint, and therefore denies the same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' complaint, and therefore denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' complaint, and therefore denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' complaint, and therefore denies the same.

10. Admitted.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' complaint, and therefore denies the same.

12. Admitted that the Facility is required to comply with the ADA to the extent of its provisions. The balance of the allegations contained in this paragraph of Plaintiffs' complaint are denied.

13. Denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' complaint, and therefore denies the same. It is further specifically denied that the facilities failed to provide full and complete access as such may be required.

15. Denied.

16. It is denied that any statutory discrimination has occurred and it is further denied that the specifically alleged conditions either exist, are non-compliant with the requirements of the statute or are requirements owed by this Defendant.

17. Plaintiffs' Amended Complaint does not contain a paragraph 17.

18. Denied.

19. Denied.

20. Denied

21. Denied.

22. It is admitted that this Court has statutory authority to grant injunctive relief where appropriate, but denied that such authority is present in the instant case or that the facilities are such that injunctive relief is appropriate.

WHEREFORE, Defendant prays for judgment in its favor against Plaintiffs on all counts and causes of action asserted, including all prayers for relief therein, for its costs incurred herein, together with counsel fees under 42 U.S.C. Section 12205 and for such other relief as this Court deem just and appropriate.

## AFFIRMATIVE DEFENSES

1. Defendant denies each and every allegation in Plaintiffs' Complaint not specifically admitted in this Answer.

2. Plaintiffs fail to state a claim upon which relief can be granted.

3. Plaintiffs' claims as against this Defendant are barred by the doctrine of laches.

4. Plaintiffs' claims as against this Defendant are barred by the doctrine of unclean hands by reason of Plaintiffs' conduct and actions.

5. Plaintiffs' claims as against this Defendant fail and are barred because Plaintiffs are estopped from seeking recovery from this Defendant because, *inter alia*, Plaintiffs have acted in a manner inconsistent with having enforceable rights as against this Defendant.

6. Plaintiffs' claims as against this Defendant are barred and fail as Plaintiffs are deemed to have legally waived any right to recovery from this Defendant because,

*inter alia*, they have acted in a manner inconsistent with having enforceable rights as against this Defendant.

7. Plaintiffs' claims are, at least in part, barred by the applicable statutes of limitations and/or statutes of repose.

8. While the Defendants deny the existence of any improper or actionable barriers, they are not obligated to remove any barriers alleged in this action to the extent that these structures at issue were constructed and/or modified before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

9. Plaintiffs' damages, if any, are not of the nature or extent alleged.

10. Plaintiffs' claims as against this Defendant are barred on the grounds that Plaintiffs have sustained no actionable injury or injury in fact caused by this Defendant with respect to the facts alleged in the complaint.

11. Any claim for injunctive relief by the Plaintiffs are barred in that such claim for injunctive relief is moot and/or will be, by the time this matter is adjudicated.

12. Plaintiffs have failed to mitigate or minimize her/its fees, costs and/or damages, if any.

13. Plaintiffs have failed to plead certain claims with required particularity.

14. Plaintiffs have failed to satisfy all conditions precedent to assert certain claims.

15. Plaintiffs' damages, if any, are eliminated by any offsets.

16. No private right of action exists for these Plaintiffs under the ADA.

17. Plaintiffs and each of them lack standing as none has alleged any past or perspective injury with respect to any specific plaintiff nor action of this Defendant, nor

has the individual Plaintiff alleged any ADA violations which relate to this individual Plaintiff's particular disability. .

18. Plaintiffs' complaint fails because it fails to allege time as required by Rule 9(f) of the Federal Rules of Civil Procedure.

19. Plaintiffs' complaint fails and its claims for relief as against this Defendant are barred as any acts or omissions to act on the part of this Defendant were not the proximate cause for any damages allegedly suffered by Plaintiffs.

20. The complaint and each purported claim alleged within the complaint is barred as against this Defendant in whole or in part as plaintiffs' damages, if any, were caused by third parties acting outside of the scope of its agency, employment or control of this Defendant.

21. Plaintiffs' claims, including injunctive relief and declaratory relief are barred as there is no actual, matured controversy between the parties as to the matters for which relief is sought and the Plaintiffs have filed this action before the parties could establish that an actual controversy existed.

22. Plaintiffs are not entitled to recovery on any claim for relief in this action as Defendant has substantially complied with all applicable legal requirements.

23. This Defendant is excused from having made or making any architectural or construction changes sought in the complaint because the statutes in question excuse its performances under the circumstances established in this action.

24. Plaintiffs' claims for damage and injury as against this Defendant are barred in that their damages or claims, if any, were the result of circumstances and/or causes as to which this Defendant had no control or liability.

25. Plaintiffs' claims as against this Defendant are barred to the extent that any structural or architectural barriers alleged to exist are such for which removal was not and is not readily achievable.

26. Plaintiffs' claims as against this Defendant are barred in that this Defendant was not the owner of the hotel prior to or immediately after the enactment of the Americans with Disability Act.

27. This Defendant to the extent that it owes or owed any duty under the ADA has fully complied and/or was in the process of complying with all requirements of the ADA prior to the institution of this action.

28. Plaintiffs' claims as against this Defendant are barred in that no alterations were made to the facility after the enactment of the ADA by this Defendant which would confer responsibility under the Act.

29. Any claims by the Plaintiffs as against this Defendant are barred in that this Defendants has performed renovations and/or is in the process of performing renovations to assure that the subject property is in compliance with the ADA regulations prior to the initiation of Plaintiffs' action where such changes are readily achievable in compliance with the ADA.

30. Plaintiffs' claims as against this Defendant are barred as the property is already in compliance with the ADA in light of what is readily achievable.

31. Plaintiffs' claims as against this Defendant are barred to the extent that the alleged barriers identified by the Plaintiffs have either previously been removed or the removal or modification of such would cause an undue hardship that is readily achievable, is not required, is technically infeasible, structurally impractical or which

7

would fundamentally the manner in which the Defendant is able to provide goods, services, facilities, privileges, advantages, accommodations and services to the public.

32. Plaintiffs' claims as against this Defendant are barred in that any existing non-compliance is pursuant to exceptions authorized by the ADA regulations, guidelines or case law.

33. Plaintiffs' for counsel fees, expenses and costs are barred in that Plaintiffs failed to take reasonable steps to determine if litigation was necessary to ensure compliance before initiating this lawsuit.

34. Plaintiffs' claims to recover counsel fees are barred entirely or to the extent such were not reasonably incurred and/or were incurred at an excessive rate.

35. Defendant reserves the right to amend its Answer and to assert any affirmative defenses that become known during the course of and after the completion of discovery.

## CERTIFICATIONS

The undersigned hereby certifies that this Amended Answer is being filed consistent with Federal Rule of Civil Procedure 15a, within twenty (20) days after filing and service of the initial Answer on behalf of this Defendant.

The undersigned hereby certifies that a true and correct copy of the foregoing was caused to be served via regular and by email, on the date set forth below, in accordance with the Federal Rules of Civil Procedure, and/or the District of New Jersey's local rules and/or the District of New Jersey's Rules on Electronic Service as follows:

Guy M. Shir, Esquire
1800 NW Corporate
Boca Raton, FL 33431
Email: gshir@kahanshir.com

Daniel A. Kaskel, Esquire
515 Milburn Avenue
Short Hills, NJ 07078
Email: dkaskel@ebdevelopers.com

The foregoing document is available for viewing and downloading from the ECF system.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

            CURETON CLARK, P.C.


            /s/ James H. Landgraf
            JAMES H. LANDGRAF

Dated:  September 3, 2008


## Disclosure Statement

Pursuant to Fed. R. Civ. P. 7.1, no corporation is a member of or owns 10% or more of Defendant's stock.


            /s/ James H. Landgraf
            JAMES H. LANDGRAF

Dated:  September 3, 2008

Q:\6021_NEWARK\6021.003_NEWARK-DISABLED\Pleadings\Pleadings\AMENDEDANSWER.doc